IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § § § | |
| ABC DENTISTRY, P.A., | § § | Case No. 16-34221 |
| DEBTOR. | § § § § | Chapter 11 |
| IN RE | § § § | |
| ABC DENTISTRY WEST OREM, P.L.L.C., | § § | Case No. 16-34225 |
| DEBTOR. | § § § § | Chapter 11 |
| IN RE | § § | |
| ABC DENTISTRY OLD SPANISH TRAIL, P.L.L.C. | § § § § | Case No. 16-34222 |
| DEBTOR. | § § § | Chapter 11 |

**DEBTORS' EMERGENCY MOTION FOR AN ORDER DIRECTING
JOINT ADMINISTRATION OF CHAPTER 11 CASES**

**NOTICE UNDER BLR 9013-1(b) AND 9013-1(i)**

THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE

**MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**EMERGENCY RELIEF HAS BEEN REQUESTED. IF THE COURT CONSIDERS THE MOTION ON AN EMERGENCY BASIS, THEN YOU WILL HAVE LESS THAN 21 DAYS TO ANSWER. IF YOU OBJECT TO THE REQUESTED RELIEF OR IF YOU BELIEVE THAT THE EMERGENCY CONSIDERATION IS NOT WARRANTED, YOU SHOULD FILE AN IMMEDIATE RESPONSE.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:**

ABC Dentistry, P.A., a Texas professional association, files this Motion for An Order Directing Joint Administration of Chapter 11 Cases (the "Motion"). In support of the Motion, ABC Dentistry, P.A. respectfully represents as follows:

## GENERAL BACKGROUND

1.   ABC Dentistry, P.A.; ABC Dentistry West Orem, P.L.L.C.; and ABC Dentistry Old Spanish Trail, P.L.L.C. (collectively, the "Debtors") are part of a family of clinics doing business as ABC Dental in the Houston area. The Debtors employ approximately 40 people. Eighteen dentists rotate to provide services to the Debtors' patients and the patients of four other affiliated clinics, though six dentists are the primary health care providers to the Debtors' patients. The clinics provide a variety of dental and orthodontic services to their patients, a substantial majority of which are pediatric patients and are on Medicaid assistance. As of the Debtors' bankruptcy filing, the Debtors have seen more than 2,000 patients in August alone.[1]

2.   The Debtors are owned and managed by Dr. Iraj S. Jabbary. Dr. Jabbary owns and operates six ABC Dental clinics, two of which are debtors in possession in these bankruptcy

---

[1] Collectively, the Debtors and their related ABC Dentistry clinics have seen over 5,000 patients in August.

cases.[2]  Only one of the Debtor-clinics (ABC West Orem) is a party to a secured lending facility. ABC West Orem has an outstanding term loan with First Bank & Trust East Texas in the approximate amount of $298,364.96.  Further detail regarding this loan is contained in the cash collateral motion that was filed on August 26, 2016.

## EVENTS LEADING TO CHAPTER 11 FILING

3.     As mentioned above, the Debtors and Dr. Jabbary (collectively, the "ABC Defendants")[3] are health care providers who also participate in the Texas Medicaid Program. Under that program, the ABC Defendants and the dentists and staff that work with them provide medically necessary dental and orthodontic services to Medicaid patients.

4.     Dr. Saeed Rohi is a disgruntled former employee of the ABC Defendants.  He not only sued them as a *qui tam* relator, alleging violations of Texas Human Resources Code chapters 32 and 36, but also as an ordinary plaintiff seeking common-law damages for related breaches of contract and torts stemming from his two-month employment.[4]  He alleges, *inter alia,* that the ABC Defendants billed Medicaid for "unnecessary crowns and/or cavity fillings, . . . unnecessary wisdom teeth extractions,"[5] and submitted claims "which contain false statements or misrepresentations of material fact,"[6] such that "numerous children were victimized with unnecessary and harmful dental procedures."[7]

---

[2] ABC Dentistry, P.A. is not a clinic and does not see patients.

[3] "ABC Defendants" includes two related ABC clinics:  ABC Dentistry Pasadena, P.A. and ABC Dentistry Hillcroft, P.L,L,C.

[4] Notice of Removal Ex. B, at 25 (Second Amended Petition).

[5] *Id.* at 31.

[6] *Id.* at 29

[7] *Id.* at 27.

5.   Rohi also sought partial summary judgment against the ABC Defendants (except ABC Dentistry Hillcroft),[8] based exclusively on alleged violations of subsection 36.002(8) of the Texas Human Resources Code, which prohibits "mak[ing] a claim under the Medicaid program and knowingly fail[ing] to indicate the type of license and the identification number of the licensed health care provider who actually provided the service." For this alleged technical violation, Rohi sought civil penalties of *over $24 million*.[9]

6.   Rohi did not support *any* of his claims with an expert report under the Texas Medical Liability Act (TMLA). Thus, the ABC Defendants filed a Motion to Dismiss based on Rohi's failure to provide an expert report indicating whether those alleged acts were a breach of the standard of care, as required in medical liability cases.[10] The trial court issued an order denying the Motion to Dismiss on May 6, 2016,[11] and the statutorily authorized appeal was timely filed. The ABC Defendants immediately notified the trial court and Rohi of the interlocutory appeal, and they objected to the trial court conducting further proceedings during the stay that resulted from the appeal. *See* TEX. CIV. PRAC. & REM. CODE § 51.014(a)(9), (b) (interlocutory appeal from the denial of a motion to dismiss for failure to file an expert report "stays the commencement of a trial in the trial court pending resolution of the appeal").

7.   Although the trial court acknowledged the pendency of the appeal, on May 27, 2016, it issued an order setting the case for trial on September 19, 2016.[12] A few days later, on May 31, 2016, in the face of binding authority holding that "[a] summary judgment is a trial

---

[8] Notice of Removal Ex. D, at 5 (Motion for Partial Summary Judgment).

[9] *Id.* at 46–48.

[10] *Id.* at 51 (Motion to Dismiss).

[11] Notice of Removal Ex. C, at 32 (Order Denying Motion to Dismiss).

[12] *Id.* at 50 (Order setting case for trial).

within the meaning of [the trial stay under] section 51.014(b) of the Texas Civil Practice and Remedies Code," *Escalante v. Rowan*, 251 S.W.3d 720, 725 (Tex. App.—Houston [14th Dist.] 2008), *rev'd on other grounds*, 332 S.W.3d 365 (Tex. 2011), the trial court granted Rohi's motion for partial summary judgment on liability, while denying it, for the moment, on damages.[13]

8. In the wake of the May 31 order granting partial summary judgment on the issue of liability, Rohi continued to push the trial court to issue merits rulings. On June 3, 2016, he filed a supplemental brief on the issue of damages, penalties, and attorney fees.[14] The ABC Defendants again objected,[15] and the next day, petitioned the Fourteenth Court of Appeals of Texas for mandamus relief from the trial setting, grant of partial summary judgment on liability, and any further consideration of the summary judgment motion.[16] The court of appeals denied the petition on August 11, 2016.[17]

9. The very next day, the trial court, interpreting Rohi's supplemental brief to be a motion to reconsider the partial summary judgment, ordered a response by August 26 and stated that the motion to reconsider would be ripe on August 29.[18] Given the trial court's refusal to stay the case despite the statutory directive, the ABC Defendants could be hit with a crippling $24 million dollar judgment. As such, the ABC Defendants petitioned the Texas Supreme Court for

---

[13] *Id.* at 46 (Order on Motion for Partial Summary Judgment).

[14] Notice of Removal Ex. D, at 69 (Supplemental Brief on Civil Remedies).

[15] *Id.* at 74 (Objection to Consideration of Relator's Summary Judgment).

[16] Petition for Writ of Mandamus and Request for Emergency Relief, *In re Jabbary*, No. 14-16-00465-CV (Tex. App.—Houston [14th Dist.] Aug. 11, 2016, orig. proceeding).

[17] *In re Jabbary*, No. 14-16-00465-CV (Tex. App.—Houston [14th Dist.] Aug. 11, 2016, orig. proceeding).

[18] Notice of Removal Ex. C, at 55 (Order Setting Date for Consideration of Summary Judgment).

a writ of mandamus on August 18.[19] That petition, along with the interlocutory appeal to the Fourteenth Court of Appeals from the denial of the ABC Defendants' motion to dismiss for failure to file an expert report, still pends.

## JURISDICTION AND VENUE

10. This Court has jurisdiction over this motion pursuant to 28 U.S.C. § 1334. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(1). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. § 1408.

## PROCEDURAL BACKGROUND

11. On August 26, 2016 (the "Petition Date"), ABC Dentistry, P.A. filed a voluntary petition for relief in this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

12. ABC Dentistry, P.A. remains in possession of its property and is operating its business as debtor-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been appointed in this chapter 11 case.

## RELIEF REQUESTED

13. Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 1015 of the Local Rules for the United States Bankruptcy Court for the Southern District of Texas (the "Bankruptcy Local Rules"), ABC Dentistry, P.A. requests entry of an order directing the joint administration of the chapter 11 cases of the Debtors for procedural purposes only and directing the Clerk of the Court to maintain one file and one docket

---

[19] Petition for Writ of Mandamus and Prohibition, *In re Jabbary*, No. 16-0620 (Tex. Aug. 18, 2016, orig. proceeding).

for all three of the Debtors' chapter 11 cases under the case name and number assigned to ABC Dentistry, P.A.

14. ABC Dentistry, P.A. requests that the order on this Motion provide that nothing contained in the order be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-captioned cases.

15. ABC Dentistry, P.A. requests that the Court direct the Clerk of the Court to make a notation substantially similar to the following on the docket of each of these chapter 11 cases:

> An order has been entered in this case directing the joint administration of the chapter 11 cases of ABC Dentistry, P.A.; ABC Dentistry West Orem, P.L.L.C.; and ABC Dentistry Old Spanish Trail, P.L.L.C. The docket in Case No. 16-34221 should be consulted for all matters affecting this case. **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 16-34221.**

16. ABC Dentistry, P.A. requests that the caption of these chapter 11 cases be modified to reflect their joint administration under the lead chapter 11 case of ABC Dentistry, PA., as follows:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE § § | Chapter 11 |
| ABC DENTISTRY, P.A., *et al.*, § § | Case No. 16-34221 |
| DEBTORS. § § § | Jointly Administered |

**BASIS FOR RELIEF**

17. Joint administration of the Debtors' chapter 11 cases is warranted in accordance with Bankruptcy Rule 1015(b) and Bankruptcy Local Rule 1015-1. Bankruptcy Rule 1015(b)

states in part that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order joint administration of the estates."

18. Debtors are a Texas Professional Association and two Texas Professional Limited Liability Companies, each wholly owned by Dr. Iraj S. Jabbary.  Consequently, the Debtors are affiliates as defined by section 101(2) of title 11 of the United States Code and are appropriate candidates for joint administration under Bankruptcy Rule 1015(b).

19. Joint administration of these cases will eliminate the need for duplicative notices, applications, and orders, thereby saving considerable time and expense for the Debtors, their estates, and the Court.  Additionally, supervision of the administrative aspects of these chapter 11 cases by the Office of the United States Trustee will be simplified.

20. Because this is not a motion for substantive consolidation of the Debtors' estates, the rights of the Debtors' creditors will not be affected adversely by the joint administration of these cases because each creditor may file its claim against a particular estate.  In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.

21. ABC Dentistry, P.A. is aware of no facts that may give rise to actual or potential conflicts of interest warranting protection of the interests of creditors of the Debtors' estates and respectfully assert that such creditors' interests would not be jeopardized by the joint administration of the Debtors' cases.

22. By reason of the foregoing, ABC Dentistry, P.A. submits that the interest of each Debtor, its creditors, and its equity security holders will best be served by the joint administration of these cases, and that the Motion should be granted.

### EMERGENCY CONSIDERATION

23. The Debtors respectfully request emergency consideration of this Motion.  As set forth in this Motion, the Debtors believe an immediate and orderly transition into chapter 11 is

critical to the viability of their operations and that any delay in granting the relief requested could hinder the Debtors' operations and cause irreparable harm. Furthermore, the failure to receive the requested relief immediately would severely disrupt the Debtors' operations at this critical juncture and imperil the Debtors' restructuring. Accordingly, the Debtors respectfully request that the Court approve the relief requested in this Motion on an emergency basis.

## NOTICE

24. The Debtors will provide notice of this Motion to the following parties or their respective counsel (if known): (a) the Office of the United States Trustee for the Southern District of Texas; (b) the holders of the 20 largest unsecured claims against the Debtors (on a consolidated basis); (c) First Bank & Trust East Texas; (d) the United States Attorney's Office for the Southern District of Texas; (e) the Internal Revenue Service; and (f) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

**WHEREFORE**, ABC Dentistry, P.A. respectfully requests that the Court enter an order, substantially in the form attached hereto, directing the joint administration of these chapter 11 cases for administrative purposes only, and granting such other and further relief as the Court deems just and proper.

[*Remainder of Page Left Intentionally Blank*]

Date:  August 26, 2016	Respectfully submitted,

      BAKER BOTTS L.L.P.

      */s/ Omar. J. Alaniz*
      Omar J. Alaniz, State Bar No. 24040402
      2001 Ross Avenue
      Dallas, Texas  75201
      Telephone:  214.953.6593
      Facsimile:   214.661.4593
      Email: *omar.alaniz@bakerbotts.com*

      Thomas R. Phillips, State Bar No. 00000102
      98 San Jacinto Blvd., Suite 1500
      Austin, Texas  78701
      Telephone:  512.322.2565
      Facsimile:   512.322.8363
      Email: *tom.phillips@bakerbotts.com*


      **PROPOSED COUNSEL TO DEBTORS-IN-POSSESSION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § | |
| | § | |
| ABC DENTISTRY, P.A., | § | Case No. 16-34221 |
| | § | |
| DEBTOR. | § | Chapter 11 |
| | § | |
| IN RE | § | |
| | § | |
| ABC DENTISTRY WEST OREM, P.L.L.C., | § | Case No. 16-34225 |
| | § | |
| DEBTOR. | § | Chapter 11 |
| | § | |
| IN RE | § | |
| | § | |
| ABC DENTISTRY OLD SPANISH TRAIL, P.L.L.C. | § | Case No. 16-34222 |
| | § | |
| DEBTOR. | § | Chapter 11 |

**ORDER GRANTING MOTION FOR JOINT ADMINISTRATION**

On the motion for joint administration of these cases under Bankruptcy Rule 1015, the Court orders that the above referenced cases are jointly administered.  Additionally, the following checked items are ordered:

1. __X__ One disclosure statement and plan of reorganization or liquidation may be filed for all cases by any plan proponent.

2. __X__ Parties may request joint hearings on matters pending in any of the jointly administered cases.

3. __X__ Other

 (1) Nothing contained in this Order shall be construed as directing or otherwise effecting a substantive consolidation of the bankruptcy cases of the Debtors; it is the Court's intention to jointly administer the bankruptcy cases of the Debtors for procedural purposes only;

 (2) ABC Dentistry, P.A. ("ABC"), ABC Dentistry West Orem, P.L.L.C. ("West Orem"), and ABC Dentistry Old Spanish Trail, P.L.L.C. ("OST") are to be jointly administered under Case No. 16-34221;

 (3) Judge _____ shall preside over these jointly administered cases;

 (4) The joint caption of the ABC, West Orem, and OST cases shall read as shown in attached Exhibit A.

 (5) All original pleadings shall be captioned as set out above and all original docket entries shall be made in the case of ABC, Case No. 16-34221;

 (6) All proofs of claim shall be filed under the case number representing the Debtor's estate against which the claim is made;

 (7) Each of the Debtors shall (a) file separate monthly operating reports; (b) maintain separate financial accounts and records; (c) not be liable for the claims against any of the Debtors by virtue of this Order; and (d) file separate Bankruptcy Schedules and Statements of Financial Affairs;

 (8) A docket entry shall be made in each of the Debtors' cases substantially as follows: An order has been entered in this case directing the joint administrative of the chapter 11 cases of ABC, West Orem and OST; the

        docket in the chapter 11 case of ABC, Case No. 16-34221 should be consulted for all matters affecting this case.  **All further pleadings and other papers shall be filed in and all further docket entries shall be made in Case No. 16-34221**;

(9)    Debtor shall file a master service list in ABC, Case No. 16-34221 which includes all creditors, persons filing Notices of Appearances, and all parties-in-interest in all the debtor's jointly administered cases for future noticing requirements; and

(10)    This order shall be served by the debtor on interested parties and all parties included on the master service list.

Dated: _____

                                                          The Honorable _____
                                                          United States Bankruptcy Judge

Page 1 of 2

# EXHIBIT A

Active 27576620.2 Page 1 of 2

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § § § | Chapter 11 |
| ABC DENTISTRY, P.A., *et al.*, | § § § | Case No. 16-34221 |
| DEBTORS. | § § § § | Jointly Administered |