IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § § § | Chapter 11 |
| ABC Dentistry, P.A., *et al.* [1] | § § | Case No. 16-34221 |
| DEBTORS. | § § § | Jointly Administered |

**DEBTORS' MOTION PURSUANT TO BANKRUPTCY CODE SECTIONS 105(a), 327, 328, AND 330 FOR AN ORDER AUTHORIZING THE DEBTORS IN POSSESSION TO EMPLOY AND COMPENSATE CERTAIN PROFESSIONALS <u>IN THE ORDINARY COURSE OF BUSINESS</u>**

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU. IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE. IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY. YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN 21 DAYS OF THE DATE THIS WAS SERVED ON YOU. YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED. IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU. IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

**A HEARING WILL BE CONDUCTED ON THIS MATTER ON SEPTEMBER 26, 2016 AT 3:00 P.M. IN THE COURTROOM OF THE HONORABLE MARVIN ISGUR, U.S. BANKRUPTCY COURT, 515 RUSK STREET, COURTROOM 404, HOUSTON, TX 77002.**

ABC Dentistry, P.A. and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), file this *Debtors' Motion Pursuant to Bankruptcy Code Sections 105(a), 327, 328, and 330 for an Order Authorizing the*

---

[1] The Debtors in these chapter 11 cases are: ABC Dentistry, P.A.; ABC Dentistry Old Spanish Trail, P.L.L.C.; and ABC Dentistry West Orem, P.L.L.C.

*Debtors in Possession to Employ and Compensate Certain Professionals in the Ordinary Course of Business* (the "Motion"). In support of its Motion, the Debtor respectfully states as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. The Court's consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b)(1). Venue of this proceeding is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

## PROCEDURAL BACKGROUND

2. On August 26, 2016 (the "Petition Date"), the Debtors filed voluntary petitions for relief in this Court under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

3. The Debtors remain in possession of their property and are operating their business as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or statutory committee has been requested or appointed in this chapter 11 case.

## BACKGROUND

4. A detailed description of the Debtors' business, capital structure, and the events leading to these chapter 11 cases is fully set forth in the *Declaration of Iraj S. Jabbary, D.D.S. in Support of First Day Motions* [Dkt. No. 14] and is incorporated herein by reference.

## RELIEF REQUESTED

5. By this Motion, the Debtors seek entry of an order: (a) authorizing the Debtors to retain and compensate the Ordinary Course Professionals (as defined below) on a postpetition basis in accordance with the procedures set forth below without the need for each Ordinary Course Professional to file formal applications for retention and compensation pursuant to

2

sections 327, 328, or 330 of the Bankruptcy Code; and (b) granting related relief. The initial list of Ordinary Course Professionals is attached hereto as <u>Exhibit A</u>.[2]

## THE ORDINARY COURSE PROFESSIONALS

6. In the course of operating their business, the Debtors regularly call upon certain professionals to provide a variety of services including legal advisory, accounting, tax advisory, and other services to assist them in carrying out their tasks (collectively, "Ordinary Course Professionals"). The Ordinary Course Professionals are the most efficient and effective providers of such services because they have prior experience with the Debtors' business operations.

7. To continue to operate their business the Debtors must continue to employ the Ordinary Course Professionals to provide necessary services to these estates in the same manner as they did prior to the Petition Date. If the Debtors lose the expertise, background knowledge, and experience of certain of the Ordinary Course Professionals, the estates may incur additional and unnecessary expenses because the Debtors will be forced to retain other professionals without such background and expertise.

8. Moreover, the operation of the Debtors' business could be hindered if the Debtors were required to submit to the Court an application, affidavit, and proposed retention order for each Ordinary Course Professional and if each Ordinary Course Professional were required to apply for approval of its employment and compensation under Bankruptcy Code section 327. Some of the Ordinary Course Professionals might be unwilling to work with the Debtors if these requirements are imposed. The cost of preparing and prosecuting these retention and fee

---

[2] Exhibit A lists the Ordinary Course Professionals identified by the Debtors as of the filing of this motion. The Debtors reserve the right to amend Exhibit A.

3

applications would be unnecessary because such costs would ultimately be borne by the Debtors' estates.

9.  The Ordinary Course Professionals are not involved in restructuring the Debtors' business or any other act that is central to the administration of the Debtors' estates—that work will be performed by the Debtors' counsel Baker Botts L.L.P., and the Debtors' financial advisors and other professionals retained under Bankruptcy Code section 327.

<strong>PROPOSED ORDINARY COURSE PROFESSIONAL PROCEDURES</strong>

10. The Debtors propose the following procedures:

   i. Pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to the extent deemed necessary by the Debtors, the Debtors will be authorized to employ the Ordinary Course Professionals attached as <u>Exhibit A</u> in the ordinary course of their business in accordance with the procedures set forth in the proposed order, *nunc pro tunc* to the date on which the respective Ordinary Course Professional commences services for the Debtors.

   ii. Each Ordinary Course Professional will provide the Debtors' attorneys within fifteen days following the date (i) of entry of the proposed order, or (ii) on which the Ordinary Course Professional commences services for the Debtors, if later: a declaration, substantially in the form annexed hereto as <u>Exhibit B</u> (the "Ordinary Course Professional Declaration"), certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed. The Debtors' attorneys shall file the Ordinary Course Professional Declarations with the Court.

   iii. Parties in interest shall have fifteen days after service of the Ordinary Course Professional Declaration (the "Objection Deadline") to notify the Debtors, their counsel, and the relevant Ordinary Course Professional, in writing of any objection to the retention, employment, or compensation of the Ordinary Course Professional.

   iv. If no objections are asserted by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional shall be deemed approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing and without further Order of the Court; provided, however, that if an objection is asserted by the Objection Deadline and such objection cannot be resolved within fifteen days, the Debtors will schedule the matter for a hearing before the Court.

    v.    The Debtors will be authorized to retain additional Ordinary Course Professionals throughout these cases, provided, that each additional Ordinary Course Professional shall file an Ordinary Course Professional Declaration with the Court, and, subject to the objection procedure described above, the approved retention of the Ordinary Course Professional will be effective as of the date requested in any supplemental list of Ordinary Course Professionals or the expiration of the Objection Deadline applicable for each Ordinary Course Professional, whichever is earlier.

    vi.    The Debtors shall be authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to the proposed order in the customary manner, without a prior application to the Court by such Ordinary Course Professional, in the full undisputed amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and expenses incurred, in each case calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices), subject to the caps described below; *provided, however*, that fees paid to Ordinary Course Professionals, excluding costs and disbursements, may not exceed $25,000 per month per Ordinary Course Professional in the aggregate, calculated as an average over a rolling three-month period while these chapter 11 cases are pending (the "OCP Cap").

    vii.    Payment to any one Ordinary Course Professional will not exceed $100,000 for the entire period in which these chapter 11 cases are pending, subject to further Order of the Court.[3]

    viii.    Unless the Court orders otherwise, in the event payment to any Ordinary Course Professional would exceed $100,000 for the entire period in which these chapter 11 cases are pending, such Ordinary Course Professional will be required to file a separate application to be retained as a professional pursuant to sections 327 or 328 of the Bankruptcy Code.

    ix.    In the event that an Ordinary Course Professional seeks more than the OCP Cap for any month during these chapter 11 cases, such Ordinary Course Professional will file a fee application, to be heard on notice, for the full amount of its fees and expenses for any month where such Ordinary Course Professional's fees and disbursements exceeded the OCP Cap (the Debtors may make an interim payment to the Ordinary Course Professional prior to a hearing on the application of up to the OCP Cap for each month so long as the Ordinary Course Professional has been retained, either automatically through expiration of the Objection Deadline, or by approval of the Court), in accordance with sections 330 and 331 of the

---

[3] The Debtors propose that all caps requested in this Motion be without prejudice to their ability to request that the Court increase or alter the terms of these caps at a later time.

5

> Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the Southern District of Texas, and all Orders of the Court.
>
> x. The Debtors may amend the compensation limitations set forth in the proposed order upon motion to the Court.

### BASIS FOR RELIEF

11. Section 327 of the Bankruptcy Code requires court approval for the employment of "professional persons," retained to represent or perform services of the estate. In determining whether an entity is a "professional" within the meaning of section 327 of the Bankruptcy Code and, therefore, must be retained by express approval of the court, courts generally consider whether such entity is involved in the actual reorganization effort, rather than a debtor's ongoing business operations. *See, e.g., Comm. of Asbestos-Related Litigants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 60 B.R. 612, 619 (Bankr. S.D.N.Y. 1986) ("[T]he phrase 'professional persons,' as used in § 327(a), is a term of art reserved for those persons who play an intimate role in the reorganization of a debtor's estate."); *In re First Merchs. Acceptance Corp.*, No. 97-1500, 1997 WL 873551, at *3 (D. Del. 1997); *see also In re Cyrus II P'ship*, No. 05-39857, 2008 WL 3003824, at *2 (Bankr. S.D. Tex. 2008). In *First Merchants*, the United States District Court for the District of Delaware created a list of factors to be considered and applied in making the determination of whether an employee is a professional within the meaning of Bankruptcy Code section 327. *See First Merchs.*, 1997 WL 873551, at *3. The court stated:

> The factors embrace both the qualitative and quantitative approaches and include the following: (1) whether the employee controls, manages, administers, invests, purchases or sells assets that are significant to the debtor's reorganization, (2) whether the employee is involved in negotiating the terms of a Plan of Reorganization, (3) whether the employment is directly related to the type of work carried out by the debtor or to the routine maintenance of the debtor's business operations; (4) whether the employee is given discretion or autonomy to exercise his or her own professional judgment in some part of the administration of the debtor's estate, i.e. the qualitative approach, (5) the extent of the employee's involvement in the administration of the debtor's estate, i.e. the quantitative approach; and (6) whether the employee's services involve some

>degree of special knowledge or skill, such that the employee can be considered a "professional" within the ordinary meaning of the term.  In applying these factors, the Court stresses that no one factor is dispositive and that the factors should be weighted against each other and considered in toto.

*Id.* (citations omitted).  In *Cyrus*, the Bankruptcy Court for the Southern District of Texas noted that Congress did not intend for Bankruptcy Code section 327 to apply to every person the trustee hires, regardless of such person's role in the case. *Cyrus II P'ship*, 2008 WL 3003824, at *2.  The court stated:

>For example, § 330 provides that, without notice or a hearing, the trustee can act on behalf of the estate and use the property of the estate in the ordinary course of business. 11 U.S.C. § 330(c)(1). This ability has prompted much litigation, generally in chapter 11 cases, as to who is hired in ordinary course of business as opposed to hired as a "professional person" under § 327.
>
>To make such a determination, courts have looked to whether a person is "central" to the administration of the estate in classifying the person as a "professional" under § 327.

*Id.*; *see also Elstead v. Nolden (In re That's Entm't Mktg. Group)*, 168 B.R. 226, 230 (N.D. Cal. 1994) (holding that only the retention of professionals whose duties are central to the administration of the estate requires prior court approval pursuant to section 327); *In re D'Lites of Am., Inc.*, 108 B.R. 352, 355 (Bankr. N.D. Ga. 1989) (holding that section 327 approval is not necessary for "one who provides services to Debtors that are necessary regardless of whether petition was filed").

12. Upon consideration of all the factors, and because the Ordinary Course Professionals will not be involved in the administration of these chapter 11 cases, the Debtors do not believe that the Ordinary Course Professionals are "professionals" requiring formal retention proceedings under section 327 of the Bankruptcy Code.  Instead, the Ordinary Course Professionals will provide services in connection with the Debtors' ongoing business operations, which services are ordinarily provided by non-bankruptcy professionals.  Nevertheless, to provide clarity and an opportunity for oversight, the Debtors seek the relief requested herein to

establish clear mechanisms for retention and compensation of the Ordinary Course Professionals pursuant to the procedures set forth herein, thereby avoiding any subsequent controversy.

14. The Debtors respectfully submit that: (a) the retention of the Ordinary Course Professionals as provided herein is reasonably necessary; (b) expenses for the Ordinary Course Professionals will be monitored closely by the Debtors; and (c) the Ordinary Course Professionals will not perform substantial bankruptcy-related services without filing an application with the Court for separate retention as a non-ordinary course professional.

14. Courts in this district and others have authorized debtors to employ Ordinary Course Professionals in large chapter 11 cases using similar retention and payment procedures. *See, e.g.*, *In re Goodrich Petroleum Corporation*, No. 16-31975 (MI) (Bankr. S.D. Tex. June 6, 2016) (approving a $20,000 monthly cap per professional); *In re Sherwin Alumina Co., LLC*, No. 16-20012 (DRJ) (Bankr. S. D. Tex. Feb. 24, 2016) (approving a $50,000 monthly cap per professional not to exceed $150,000 for entire case); *In re BPZ Res., Inc.*, No. 15-60016 (DRJ) (Bankr. S. D. Tex. Apr. 7, 2015) (approving a $40,000 monthly cap per professional not to exceed $250,000 for entire case); *In re Autoseis, Inc.*, No. 14-20130 (RSS) (Bankr. S.D. Tex. May 20, 2014) (approving a $40,000 monthly cap per professional not to exceed $200,000 for entire case); *In re ATP Oil & Gas Corp.*, No. 12-36187 (MI) (Bankr. S.D. Tex. Sept. 27, 2012) (approving a $50,000 monthly cap per professional not to exceed $500,000 for entire case); *In re Seahawk Drilling, Inc.*, No. 11-20089 (RSS) (Bankr. S.D. Tex. Apr. 5, 2011) (approving a $20,000 monthly cap per professional without further review pursuant to sections 330 and 331 of the Bankruptcy Code).

## RESERVATION OF RIGHTS

15. Nothing contained herein is or should be construed as: (a) an admission as to the validity of any claim against the Debtors; (b) a waiver of the Debtors' rights to dispute any claim

on any grounds; (c) a promise to pay any claim; (d) an assumption or rejection of any executory contract or unexpired lease pursuant to section 365 of the Bankruptcy Code; or (e) otherwise affect the Debtors' rights under section 365 of the Bankruptcy Code to assume or reject any executory contract with any party subject to this Motion.

## **NOTICE**

16.     Notice of this Motion will be provided by e-mail, regular mail, overnight delivery, hand delivery, or facsimile to the following or their counsel: (a) the Debtors and the Debtors' professionals; (b) the United States Trustee for the Southern District of Texas; (c) First Bank & Trust East Texas; (d) the 20 largest unsecured creditors of the Debtors on a consolidated basis; (e) the Internal Revenue Service; (f) all statutory committees appointed in these cases; (g) all parties requesting notice under Rule 2002 of the Federal Rules of Bankruptcy Procedure; and (h) all parties on whom the Court orders notice.  The Debtors believe that the notice provided for herein is fair and adequate and no other or further notice is necessary.

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order (a) granting the Motion, and (b) granting such other and further relief as the Court deems appropriate.

Date: September 2, 2016    Respectfully submitted,

BAKER BOTTS L.L.P.

*/s/ Omar J. Alaniz*
Omar J. Alaniz, State Bar No. 24040402
2001 Ross Avenue
Dallas, Texas 75201
Telephone: 214.953.6593
Facsimile: 214.953.4593
Email: *omar.alaniz@bakerbotts.com*

Thomas R. Phillips, State Bar No. 00000102
98 San Jacinto Blvd., Suite 1500
Austin, Texas 78701
Telephone: 512.322.2565
Facsimile: 512.322.8363
Email: *tom.phillips@bakerbotts.com*

**PROPOSED COUNSEL TO DEBTORS-IN-POSSESSION**

## EXHIBIT A

## DEBTORS' ORDINARY COURSE PROFESSIONALS

| Professional | Address |
|---|---|
| Riggs & Ray, P.C. | 506 West 14th Street<br>Suite A<br>Austin, Texas 78701 |
| Law Offices of Hanna & Anderton | Prosperity Bank Plaza<br>900 Congress Avenue<br>Suite 250<br>Austin, Texas 78701 |
| Russell W. Hall & Associates, P.C. | 6750 West Loop South<br>Suite 920<br>Bellaire, Texas 77401-4117 |
| Hilder & Associates, P.C. | 819 Lovett Boulevard<br>Houston, Texas 77006 |
| Randy M. Reichstein P.C. | 5300 N. Braeswood #193<br>Houston, Texas 77096-3307 |

## **EXHIBIT B**

## **FORM OF DECLARATION**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| IN RE § <br> § <br> ABC Dentistry, P.A., *et al.* [1] § <br> § <br> DEBTORS. § <br> § | Chapter 11 <br><br> Case No. 16-34221 <br><br> Jointly Administered |

## ORDINARY COURSE PROFESSIONAL DECLARATION

I, [_____], being duly sworn, state the following under penalty of perjury:

1. I am _____ of _____ which firm maintains offices at _____ (the "Firm"). The Firm's practice consists of:

[insert business description]

2. Neither I, the Firm, nor any other owner or associate of the Firm, insofar as I have been able to ascertain, has any connection with the Debtor, it creditors, or any other parties in interest, or their attorneys, except as set forth in this affidavit.

3. The Firm, worked with the Debtors in the following capacities and work:

[insert business relationship with Debtors]

4. Debtors have requested, and the Firm has agreed to represent and advise the Debtor pursuant to section 327 of the Bankruptcy Code with respect to such matters and with respect to such matters as may be ordinarily rendered by the Firm.

5. The Firm customarily bills the Debtors [hourly/fix fee]. [The Firm's customary hourly rates, subject to change from time to time, are as follows: _____. In the normal course of

---

[1] The Debtors in these chapter 11 cases are: ABC Dentistry, P.A.; ABC Dentistry Old Spanish Trail, P.L.L.C.; and ABC Dentistry West Orem, P.L.L.C.

2

business, the Firm revises its regular hourly rates on January 1 of each year and requests that, effective January 1 of each year, the aforementioned rates be revised to the regular hourly rates which will be in effect at that time.]  [The fix fee normally billed and paid by the Debtors is _____].

6.	Prior to the Debtors' bankruptcy filings, the Firm has rendered services to the Debtors that have not yet been billed or that have been billed but with respect to which payment has not yet been received.  The amount owing for such services is $_____.  Unless further order of the Bankruptcy Court, the Firm understands that its pre-petition billings will not be paid as a part of the Firm's continued service during these Chapter 11 cases.

7.	Except as set forth herein, no promises have been received by the Firm or any owner or associate thereof as to compensation in connection with these this jointly administered Chapter 11 cases other than in accordance with the provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the Local Rules of the Bankruptcy Court, orders of the Bankruptcy Court, and the Fee Guidelines promulgated by the Untied States Trustee.

8.	Neither I nor any other owner of the Firm has agreed to share or will share any portion of the compensation to be received from the Debtors with any person other than the owners and associates and regular employees of the Firm.

9.	The Firm and its owners may have in the past represented, currently represent and may in the future represent entities that are affiliates of, or related to, the Debtors or other parties in interest in these this jointly administered Chapter 11 cases in matters unrelated to these this jointly administered Chapter 11 cases.  The Firm does not and will not represent any such entity in connection with these this jointly administered Chapter 11 cases and does not have any relationship with any such entity or its attorneys or accountants that would be materially adverse to the Debtor or its estate.

10. The foregoing constitutes the statement of the Firm pursuant to sections 327(a), 329, and 504 of the Bankruptcy Code and Rules 2014 and 2016 of the Federal Rules of Bankruptcy Procedure.

11. Neither I, the Firm, nor any other owner or associate thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtor or its estate in matters upon which the Firm is to be engaged.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on:                            Respectfully submitted,

                                                   _____
Name:
Title:

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE | § § § | Chapter 11 |
| ABC Dentistry, P.A., *et al.* [1] | § § § | Case No. 16-34221 |
| DEBTORS. | § § § | Jointly Administered |

### ORDER AUTHORIZING EMPLOYMENT AND COMPENSATION OF CERTAIN PROFESSIONALS IN THE ORDINARY COURSE OF BUSINESS

Upon the motion (the "Motion")[2] of ABC Dentistry, P.A. and its debtor affiliates, as debtors and debtors-in-possession in the above-captioned chapter 11 cases (collectively, the "Debtors"), for an order, pursuant to section 105(a), 327, 328, and 330 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the employment and compensation of certain professionals in the ordinary course of business; upon the full record in these cases; and after due deliberation and sufficient cause appearing therefore the Court HEREBY FINDS AS FOLLOWS:

    A.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334;

    B.    The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b);

    C.    Venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409;

    D.    The relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and

---

[1] The Debtors in these chapter 11 cases are: ABC Dentistry, P.A.; ABC Dentistry Old Spanish Trail, P.L.L.C.; and ABC Dentistry West Orem, P.L.L.C.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings set forth in the Motion.

E. The Debtors provided adequate and appropriate notice of the Motion under the circumstances and no other or further notice is required.

Therefore, the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and any objections to the relief requested herein having been withdrawn or overruled on the merits; upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Pursuant to sections 105(a), 327(e), and 330 of the Bankruptcy Code, to the extent deemed necessary or appropriate by the Debtors, the Debtors are authorized to retain, employ, and pay the Ordinary Course Professionals listed on Exhibit A to the Motion, without the need to file individual retention or interim or final fee applications, except as set forth below.

2. The following procedures for Ordinary Course Professionals are hereby approved:

   i. Pursuant to sections 105(a), 327, 328, and 330 of the Bankruptcy Code, to the extent deemed necessary by the Debtors, the Debtors will be authorized to employ the Ordinary Course Professionals attached as Exhibit A in the ordinary course of their business in accordance with the procedures set forth in the proposed order, *nunc pro tunc* to the date on which the respective Ordinary Course Professional commences services for the Debtors.

   ii. Each Ordinary Course Professional will provide the Debtors' attorneys within fifteen days following the date (i) of entry of the proposed order, or (ii) on which the Ordinary Course Professional commences services for the Debtors, if later: a declaration, substantially in the form annexed hereto as Exhibit B (the "Ordinary Course Professional Declaration"), certifying that such Ordinary Course Professional does not represent or hold any interest adverse to the Debtors or their estates with respect to the matter on which the professional is to be employed. The Debtors' attorneys shall file the Ordinary Course Professional Declarations with the Court.

   iii. Parties in interest shall have fifteen days after service of the Ordinary Course Professional Declaration (the "Objection Deadline") to notify the Debtors, their counsel, and the relevant Ordinary Course Professional, in writing of any objection to the retention, employment, or compensation of the Ordinary Course Professional.

2

  iv. If no objections are asserted by the Objection Deadline, the retention, employment, and compensation of the Ordinary Course Professional shall be deemed approved pursuant to sections 327 and 328 of the Bankruptcy Code without the need for a hearing and without further Order of the Court; provided, however, that if an objection is asserted by the Objection Deadline and such objection cannot be resolved within fifteen days, the Debtors will schedule the matter for a hearing before the Court.

  v. The Debtors will be authorized to retain additional Ordinary Course Professionals throughout these cases, provided, that each additional Ordinary Course Professional shall file an Ordinary Course Professional Declaration with the Court, and, subject to the objection procedure described above, the approved retention of the Ordinary Course Professional will be effective as of the date requested in any supplemental list of Ordinary Course Professionals or the expiration of the Objection Deadline applicable for each Ordinary Course Professional, whichever is earlier.

  vi. The Debtors shall be authorized to pay compensation and reimburse expenses to each of the Ordinary Course Professionals retained pursuant to the proposed order in the customary manner, without a prior application to the Court by such Ordinary Course Professional, in the full undisputed amount billed by each such Ordinary Course Professional upon receipt of reasonably detailed invoices indicating the nature of the services rendered and expenses incurred, in each case calculated in accordance with such Ordinary Course Professional's standard billing practices (without prejudice to the Debtors' right to dispute any such invoices), subject to the caps described below; *provided, however*, that fees paid to Ordinary Course Professionals, excluding costs and disbursements, may not exceed $25,000 per month per Ordinary Course Professional in the aggregate, calculated as an average over a rolling three-month period while these chapter 11 cases are pending (the "OCP Cap").

  vii. Payment to any one Ordinary Course Professional will not exceed $100,000 for the entire period in which these chapter 11 cases are pending, subject to further Order of the Court.[3]

  viii. Unless the Court orders otherwise, in the event payment to any Ordinary Course Professional would exceed $100,000 for the entire period in which these chapter 11 cases are pending, such Ordinary Course Professional will be required to file a separate application to be retained as a professional pursuant to sections 327 or 328 of the Bankruptcy Code.

  ix. In the event that an Ordinary Course Professional seeks more than the OCP Cap for any month during these chapter 11 cases, such Ordinary

---

[3] The Debtors propose that all caps requested in this Motion be without prejudice to their ability to request that the Court increase or alter the terms of these caps at a later time.

3

      Course Professional will file a fee application, to be heard on notice, for the full amount of its fees and expenses for any month where such Ordinary Course Professional's fees and disbursements exceeded the OCP Cap (the Debtors may make an interim payment to the Ordinary Course Professional prior to a hearing on the application of up to the OCP Cap for each month so long as the Ordinary Course Professional has been retained, either automatically through expiration of the Objection Deadline, or by approval of the Court), in accordance with sections 330 and 331 of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), the Local Bankruptcy Rules for the Southern District of Texas, and all Orders of the Court.

    x. The Debtors may amend the compensation limitations set forth in the proposed order upon motion to the Court.

3. This Order shall not prejudice the Debtors' ability to at a later time request that the Court increase or alter the terms or amounts of any of the caps contained herein.

4. This Order shall not apply to any professional retained by the Debtor pursuant to a separate order of the Court.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

6. The requirements of Bankruptcy Rule 6004(a) are waived.

7. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. The Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated:

                 _____
                  The Honorable Marvin Isgur
                  United States Bankruptcy Judge